IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION



UNITED STATES OF AMERICA

v.

Case No. 1:26-cr-22

JAMARION DAWON JACKSON,

Defendant.

## STATEMENT OF FACTS

The United States and the defendant, JAMARION DAWON JACKSON (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On April 17, 2025, within the Eastern District of Virginia, the defendant knowingly possessed a machinegun, as defined by Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), specifically, a Glock-type conversion device, commonly known as a "machinegun conversion device," "Glock switch," or "Glock auto sear," a part designed and intended, and any combination of parts designed and intended, solely and exclusively for use in converting a firearm into a weapon which shoots automatically more than one shot, without manual reloading, by a single function of the trigger.

2. On April 17, 2025, a Virginia State Trooper was on patrol in heavy traffic on southbound Interstate 95 in Fairfax County, Virginia, within the Eastern District of Virginia. The defendant sped past the Trooper driving on the right shoulder of the highway at more than 100 miles per hour.

3. The Trooper activated his emergency equipment and attempted to catch up with the defendant. The defendant did not respond to the Trooper's signal and subsequently crashed into a

1

parked vehicle on the right shoulder, inflicting thousands of dollars in damage, and then struck two additional vehicles on the roadway.

4. After crashing, the defendant continued to ignore law enforcement commands to stop and fled down Interstate 95 on foot. The defendant unsuccessfully attempted to enter two vehicles. The defendant then attempted to jump through the open passenger side window of a third vehicle. The driver of that vehicle accelerated, and the defendant sustained significant injuries.

5. When subsequently asked about his occupation during medical treatment, the defendant told a nurse, in the presence of a State Trooper, that he sells drugs.

6. During an inventory search of the defendant's vehicle, a Trooper found a Glock, model 19, 9mm caliber, semi-automatic pistol, bearing serial number BUPT522, on the driver's side floorboard. The Glock pistol was affixed with a machinegun conversion device and a 31-round magazine. The Trooper also found the defendant's iPhone, his wallet (containing $518 in cash), a Virginia Motor Vehicle Registration stating the vehicle was registered to the defendant, two empty prescription bottles of "promethazine" (neither of which bore the defendant's name), and plastic baggies consistent with the sale of marijuana. Law enforcement also found a bag of marijuana on the defendant's person.

7. Pursuant to a federal search warrant, law enforcement searched the defendant's iPhone and uncovered photographs of the defendant (recognizable by his distinctive tattoos) holding the Glock pistol (recognizable by its serial number and weapon-mounted light with the text "SOLOFISH" and "SL-1108"). Text exchanges also showed the defendant arranging the purchase of a Glock model 19 from one person on February 18, 2025, telling someone else he bought a Glock model 19 the same day, discussing the purchase of a machinegun conversion

2

device with a third person on February 22, and discussing the purchase of a machinegun conversion device with a fourth person on March 12.

8.      Tracing by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") determined that the defendant's Glock pistol was manufactured in Austria and sold in Texas. ATF testing also determined that, with the installed machinegun conversion device, the Glock pistol shoots automatically more than one shot, without manual reloading, by a single function of the trigger. The attached machinegun conversion device does not bear a serial number.

9.      After previously shooting a victim at the Potomac Mills mall, the defendant was convicted in 2022 of two felonies each punishable by terms of imprisonment exceeding one year— specifically, unlawful discharge of a firearm within an occupied building, Va. Code Ann. § 18.2-279, and destruction of property, Virginia Code Ann. § 18.2-137.

10.      This statement of facts does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

11.      The actions of the defendant, as recounted above, were in all respects knowing, willful, and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Todd W. Blanche
Deputy Attorney General

Date:   March 27, 2026          By:   _____
                                      Nicholas J. Patterson
                                      Assistant United States Attorney

3

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JAMARION DAWON JACKSON, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JAMARION DAWON JACKSON

I am Todd M. Richman, defendant's attorney.   I have carefully reviewed the above Statement of Facts with him.   To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Todd M. Richman, Esq.
Attorney for JAMARION DAWON JACKSON

4